FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 JAN -7  P 12: 34

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| SALVATORE CLAPPER | : CIVIL NO. 3:02CV01522 (JCH) |
| v. | : |
| REGISTERED NURSE COLLEEN (LNU), ET AL. | : |
| | : JANUARY 5, 2004 |

## DEFENDANTS' TRIAL MEMORANDUM

**I.  TRIAL COUNSEL:**

**PLAINTIFF:**  Norman A. Pattis
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510
Tel.: (203) 562-9931

**DEFENDANTS:**  Richard T. Couture
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Tel.: (860) 808-5450

**II.  JURISDICTION:**

According to the Complaint, jurisdiction is invoked under 28 U.S.C. §§ 1331, 1342(a)(3) and 1367(a) and under 42 U.S.C. §§ 1983 and 1988.

**III.  JURY/NON-JURY:**

Jury trial.

**IV.  NATURE OF THE CASE:**

The plaintiff alleges that the defendants ignored his requests for medical assistance for stomach pain on November 3-4, 2000, resulting in a ruptured appendix. He alleges that the conduct of the defendants constituted deliberate indifference to the plaintiff's serious medical

needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution. By way of relief, the plaintiff seeks compensatory damages, punitive damages and attorney's fees and costs.

## V. STIPULATION OF FACTS:

1. The plaintiff was incarcerated in the 3 West Housing Unit at the Northern Correctional Institution ("NCI") on November 3, 4 and 5, 2000.

2. At approximately 9:15 a.m. on November 4, 2000, the plaintiff was given some Pepto Bismol by Colleen Dudley, R.N., in response to a complaint that he had a stomach ache.

3. Colleen Dudley, R.N., worked a double shift at NCI on November 4, 2000 from approximately 7:00 a.m. to 11:00 p.m.

4. Dorothy Bujnevicie, R.N., worked at NCI from approximately 11:00 p.m. on November 3, 2000 to 7:00 a.m. on November 4, 2000.

5. Nancy Hill, R.N., worked at NCI from 11:00 p.m. on November 3, 2000 to 7:00 a.m. on November 4, 2000 and from 11:00 p.m. on November 4, 2000 to 7:45 a.m. on November 5, 2000.

6. Correctional Officers John Galinski and Alfonse Lindsay were on duty at NCI in the 3 West Housing Unit from 3:00 p.m. to 11:00 p.m. on November 4, 2000.

7. Correctional Officer Jeffrey Thomas was the Pod-Control officer in the 3 West Housing Unit at NCI from 11:00 p.m. on November 4, 2000 to 7:00 a.m. on November 5, 2000.

8. At approximately 6:25 a.m. on November 5, 2000, Officer Thomas was informed by the plaintiff over the intercom that the plaintiff was having stomach pains and vomiting.

9. Nancy Hill, R.N., had entered the 3 West housing unit at NCI at approximately 6:00 a.m. on November 5, 2000 to give insulin shots.

10. Correctional Officer Thomas informed Nancy Hill that the plaintiff was complaining of stomach pain.

11. The plaintiff reported to Nancy Hill that he had pain in his lower right quadrant and had been constipated and vomiting. The plaintiff was brought down to the NCI medical unit at around 7:00 a.m. on November 5, 2000.

12. The plaintiff was transported to the John Dempsey Hospital at the University of Connecticut Health Center at approximately 9:30 a.m. on November 5, 2000.

13. The plaintiff underwent a Laparoscopic appendectomy performed by Dr. David Giles at the John Dempsey Hospital from approximately 12:00 p.m. to 2:00 p.m. on November 5, 2000.

14. During the course of the appendectomy it was noted that the plaintiff's appendix had ruptured. Because of this, Bacitracin was added to the normal saline solution when irrigating the area.

15. The plaintiff was discharged from John Dempsey Hospital back to NCI on November 13, 2000.

## VI. PLAINTIFF'S CONTENTIONS:

The plaintiff alleges that the defendants ignored his requests for medical assistance resulting in the rupture of his appendix.

## VII. DEFENDANTS' CONTENTIONS:

1. The plaintiff was incarcerated in the 3 West Housing Unit at the Northern Correctional Institution ("NCI") during the period which included November 3, 4 and 5, 2000.

2. At approximately 4:00 a.m. on November 4, 2000, the plaintiff complained to a correctional officer that he had a stomach ache. The correctional officer reported this to Nancy Hill, R.N., who was on duty in the NCI medical unit.

3. Nurse Nancy Hill went to the 3 West Housing Unit at approximately 5:30 a.m. on November 4, 2000 to check on an inmate who was in restraints. At that time she went over to the plaintiff's cell and noted that he was sleeping. Rather than disturb the plaintiff, she returned to the medical unit.

4. Upon her return to the medical unit, Nurse Hill asked Dorothy Bujnevicie, R.N., to check on the plaintiff when she went to the 3 West Housing Unit to give insulin shots.

5. At approximately 6:15 a.m. on November 4, 2000, Nurse Bujnevicie went to the 3 West Housing Unit at NCI to give insulin shots. While in the unit, she went over to the plaintiff's cell and knocked on the cell door window and called out the plaintiff's name. When the plaintiff asked what she wanted, she asked if he was alright. He responded that he was okay. Nurse Bujnevicie then left the unit. Her shift was over at 7:00 a.m. on November 4, 2000 and she was not on duty at NCI again until 11:00 p.m. on November 6, 2000. Her only contact with the plaintiff during the period November 3, 2000 through November 5, 2000 was at 6:15 a.m. on November 4, 2000 as described above.

6. At approximately 9:15 a.m. on November 4, 2000, Colleen Dudley, R.N., entered the 3 West Housing Unit at NCI to pass medications out to the inmates in that unit.

7. During the course of her tour of the unit at 9:15 a.m. on November 4, 2000, the plaintiff discussed with Nurse Dudley a complaint of an upset stomach which he attributed to bad food. Nurse Dudley gave the plaintiff some Pepto Bismol and instructed him to contact the medical unit if his symptoms reoccur.

8. Nurse Dudley worked a double shift on November 4, 2000 from 7:00 a.m. to 11:00 p.m.

9. At approximately 10:45 a.m. on November 4, 2000, Nurse Dudley returned to the 3 West Housing Unit with a lieutenant to check on an inmate who was on 4-point restraints. No medical issues regarding the plaintiff were addressed to her at that time.

10. At around 11:30 a.m. on November 4, 2000, Nurse Dudley was in the 3 West Housing Unit doing TB testing. During the course of the TB testing, the plaintiff yelled to Nurse Dudley to "get over here right now." Nurse Dudley informed the plaintiff that she would come over in a few minutes as she was then working with syringes. At that point, the plaintiff directed some sexually abusive remarks at Nurse Dudley and indicated that she would be sorry if she came near him. Nurse Dudley did not go to the plaintiff's cell in view of his nonspecific demand and his verbal assault and threats.

11. At approximately 12:30 p.m. on November 4, 2000, Nurse Dudley was in the 3 West Housing Unit with a lieutenant to check on an inmate who was on 4-point restraints. No medical issues regarding the plaintiff were brought to her attention at that time.

12. At approximately 3:00 p.m. on November 4, 2000, Nurse Dudley was again in the 3 West Housing Unit to check on an inmate who was on 4-point restraints. No medical issues regarding the plaintiff were brought to her attention at that time.

13. At approximately 7:50 p.m. on November 4, 2000, Nurse Dudley toured the 3 West Housing Unit to pass out evening medications. No medical issues regarding the plaintiff were brought to her attention at that time.

14. The 7:50 p.m. medication tour was Nurse Dudley's final visit to 3 West Housing Unit on November 4, 2000. She went off duty at 11:00 p.m. on November 4, 2000 having had no further contact from anyone regarding the plaintiff.

15. Correctional Officers Douglas Curtis and Joseph DiPace were on duty in the 3 West Housing Unit at NCI from 7:00 a.m. until 3:00 p.m. on November 4, 2000. Except for the morning medication rounds when Nurse Dudley gave the plaintiff some Pepto Bismol, they do not recall any further requests from the plaintiff during their shift relating to any medical issues.

16. Correctional Officers John Galinski and Alfonse Lindsay were on duty in the 3 West Housing Unit at NCI from 3:00 p.m. to 11:00 p.m. on November 4, 2000. At no time during their shift did the plaintiff ask them to seek any medical assistance for him.

17. Correctional Officer Jeffrey Thomas was the Pod-Control officer in the 3 West Housing Unit at NCI from 11:00 p.m. on November 4, 2000 to 7:00 a.m. on November 5, 2000.

18. Inmates in the 3 West Housing Unit can communicate with the Pod-Control officer through the use of intercoms located in each cell. At no time between 11:00 p.m. on November 4, 2000 and 6:25 a.m. on November 5, 2000 did the plaintiff notify Officer Thomas of any medical problem.

19. At approximately 6:25 a.m. on November 5, 2000, Officer Thomas was informed by the plaintiff over the intercom that the plaintiff was having stomach pains and vomiting.

20. When Officer Thomas received the call from the plaintiff regarding stomach pains, Nancy Hill, R.N., was in the 3 West Housing Unit giving insulin shots to diabetic inmates.

21. Correctional Officer Thomas informed Nurse Hill that the plaintiff was complaining of stomach pain.

22. The plaintiff reported to Nurse Hill that he had pain in his lower right quadrant and had been constipated and vomiting. Nurse Hill took the plaintiff's temperature and vital signs and had him moved to the NCI medical unit at approximately 7:00 a.m. on November 5, 2000.

23. The plaintiff's symptoms and condition was reported to the on-call physician who authorized the plaintiff's transfer to the John Dempsey Hospital at the University of Connecticut Health Center. The plaintiff left NCI for the hospital at approximately 9:30 a.m. on November 5, 2000.

24. The plaintiff underwent a Laparoscopic appendectomy performed by Dr. David Giles at the John Dempsey Hospital from approximately 12:00 p.m. to 2:00 p.m. on November 5, 2000.

25. During the course of the appendectomy, it was noted that part of the appendix was gangrenous and had ruptured. Because of the rupture, Bacitracin was added to the normal saline solution when irrigating the area.

26. The surgery performed on the plaintiff on November 5, 2000 did not differ in any respect from a standard Laparoscopic appendectomy except that an antibiotic was added to the saline solution that is used to irrigate the site of the surgery.

27. Postoperatively, the plaintiff was given medication for pain as well as a course of antibiotics. During his hospital stay, the plaintiff experienced some fever spiking and nausea which subsided within a few days.

28. The plaintiff was discharged from the John Dempsey Hospital on November 13, 2000 and returned to NCI.

29. On November 29, 2000, the plaintiff was seen by Dr. Giles for a follow-up evaluation. At that time it was noted that the incisions were healing nicely with no signs of infection, hernia or abscess. The plaintiff was advised to continue to avoid vigorous activity for another six to eight weeks and that there would be no need for any further follow-up visits.

## VIII. LEGAL ISSUES:

1. Whether any of the four defendants were deliberately indifferent to the plaintiff's serious medical needs.

2. Whether it was objectively reasonable for the defendants to believe that their conduct did not violate any clearly established federal constitutional rights.

3. In the event that the plaintiff can establish injury or damage, whether such injury or damage was caused by the plaintiff's own conduct.

## IX. VOIR DIRE QUESTIONS:

See attached.

X.   **LIST OF WITNESSES:**

    A.   **Defendants' Witnesses:**

1.   David Giles, M.D.
Department of Surgery
University of Connecticut Health Center
263 Farmington Avenue
Farmington, CT 06030-3955

Dr. Giles is expected to offer his expert opinion as to the plaintiff's condition on November 5, 2000; the surgery performed on the plaintiff on November 5, 2000; and the plaintiff's recovery from his appendectomy. He is expected to testify in accordance with the opinions expressed in his report dated June 11, 2003.

2.   Colleen Dudley, R.N.
Northern Correctional Institution
287 Bilton Road
Somers, CT 06071

Nurse Dudley is expected to respond to the plaintiff's allegations. In addition, she is expected to testify as to her activities while on duty at the Northern Correctional Institution during the period from November 3, 2000 through November 5, 2000 and her contacts with the plaintiff during that time period.

3.   Dorothy Bujnevicie, R.N.
Osborn Correctional Institution
335 Bilton Road
Somers, CT 06071

Nurse Bujenvicie is expected to respond to the plaintiff's allegations. In addition, she is expected to testify as to her activities while on duty a the Northern Correctional Institution during the period November 3, 2000 through November 5, 2000 and her contact with the plaintiff during that time period.

4. Nancy Hill, R. N.
Northern Correctional Institution
287 Bilton Road
Somers, CT 06071

Nurse Hill is expected to testify as to her activities while on duty at the Northern Correctional Institution during the period November 3, 2000 through November 5, 2000 and her contact with the plaintiff during that time period.

5. Correctional Officer John Galinski
Northern Correctional Institution
287 Bilton Road
Somers, CT 06071

Correctional Officer Galinski is expected to respond to the plaintiff's allegations. In addition, he is expected to testify that he was on duty on the 3 West Housing Unit on the 3:00 p.m. to 11:00 p.m. shift at the Northern Correctional Institution on November 4, 2000; that the plaintiff did not ask him to seek any medical assistance during that shift; and as to the procedures followed when inmates do request medical assistance.

6. Correctional Officer Alfonse Lindsay
Northern Correctional Institution
287 Bilton Road
Somers, CT 06071

Correctional Officer Lindsay is expected to respond to the plaintiff's allegations. In addition, he is expected to testify that he was on duty in the 3 West Housing Unit on the 3:00 p.m. to 11:00 p.m. shift at the Northern Correctional Institution on November 4, 2000; that the plaintiff did not ask him to seek any medical assistance during that shift; and as to the procedures followed when inmates do request medical assistance.

  7.  Correctional Officer Douglas Curtis
     Northern Correctional Institution
     287 Bilton Road
     Somers, CT 06071

Correctional Officer Curtis will testify that he was on duty in the 3 West Housing Unit a the Northern Correctional Institution on the 7:00 a.m. to 3:00 p.m. shift on November 4, 2000; that the plaintiff did not repeatedly ask him to seek medical assistance on that date; and that medical staff are responsive when he reports medical problems regarding inmates.

  8.  Correctional Officer Joseph DiPace
     Northern Correctional Institution
     287 Bilton Road
     Somers, CT 06071

Correctional Officer DiPace will testify that he was on duty in the 3 West Housing Unit at the Northern Correctional Institution on the 7:00 a.m. to 3:00 p.m. shift on November 4, 2000; that the plaintiff did not repeatedly ask him to seek medical assistance on that date; and that medical staff are responsive when he reports medical problems regarding inmates.

  9.  Correctional Officer Jeffrey Thomas
     Corrigan Correctional Institution
     986 Norwich-New London Turnpike
     Uncasville, CT 06382

Correctional Officer Thomas will testify that he was on duty in the control bubble of the 3 West Housing Unit at the Northern Correctional Institution from 11:00 p.m. on November 4, 2000 to 7:00 a.m. on November 5, 2000; that inmates in the 3 West Housing Unit can contact the control officer through an intercom system; that the plaintiff's only contact with Officer Thomas during the above shift was at approximately 6:25 a.m. on November 5, 2000 at which time the plaintiff complained of stomach pain; and that he then notified Nurse Hill of the plaintiff's complaint.

XI.   **LIXT OF EXHIBITS:**

  A. **DEFENDANTS' EXHIBITS:**

   A.   Department of Correction medical records relating to the plaintiff.

   B.   John Dempsey Hospital medical records relating to the plaintiff's appendectomy and follow-up evaluation.

   C.   Incident Report statement of Officer Jeffrey Thomas dated November 5, 2000.

   D.   Medical staff roster for Northern Correctional Institution for November 3, 4 and 5, 2000.

   E.   Log Book entries for the 3 West Housing Unit at Northern Correctional Institution for November 3, 4 and 5, 2000.

   F.   Sentencing mittimuses for Docket Nos. CR96-89760, CR97-135305 and CR97-94115 dated May 20, 1998.

XII.   **DEPOSITION TESTIMONY:**

   None.

XIII.   **REQUEST FOR JURY INSTRUCTIONS:**

   See attached.

XIV.   **ANTICIPATED EVIDENTIARY PROBLEMS:**

   None at this time.

XV.   **TRIAL TIME:**

   It is expected that the trial will take two days.

XVI.   **FURTHER PROCEEDINGS:**

   Not aware of any further proceedings prior to trial at this time.

DEFENDANTS,
Registered Nurse Colleen, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Richard T. Couture
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05480
E-Mail: richard.couture@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 5th day of January, 2004:

Norman A. Pattis
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

_____
Richard T. Couture
Assistant Attorney General

13