FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 JAN -7 P 12: 34

US DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| SALVATORE CLAPPER | : | CIVIL NO. 3:02CV01522 (JCH) |
| v. | : | |
| REGISTERED NURSE COLLEEN (LNU), ET AL. | : : | JANUARY 5, 2004 |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

The defendants respectfully request the Court to give the following instructions to the jury:

**MULTIPLE DEFENDANTS:**

1. In his complaint, the plaintiff alleges various acts or omissions with regard to each of the four defendants. The plaintiff has the burden of proving by a fair preponderance of the evidence with regard to <u>each</u> defendant that the individual defendant against whom these acts or omissions are alleged did in fact engage in such conduct and that these acts or failure to act violated the plaintiff's constitutional rights and were the proximate cause of the plaintiff's injury.

2. There are four defendants in this action, and although the claims against each are being tried in one case for the convenience of everyone, you must remember that each defendant is being sued individually and is responsible only for his or her own acts.

3. You must, therefore, consider the plaintiff's allegations against each of the defendants and decide whether the plaintiff has proven by a fair preponderance of the evidence that the individual defendant has committed the acts or omissions which the plaintiff has alleged and that this was the proximate cause of the plaintiff's injury. By the term "proximate cause" I

mean whether or not the individual conduct of the defendants as you find it was a substantial factor in causing the plaintiff's injury.

**AUTHORITY:** Jury Instructions given in the case of Coleman v. Siedel, 533 F. Supp. 593 (D. Conn. 1980).

## IMPEACHMENT BY FELONY CONVICTION:

4.   You have heard testimony and have been presented with exhibits regarding the plaintiff's prior felony convictions. The prior convictions were put into evidence for you to consider in evaluating his credibility. You may consider the fact that he is a convicted felon in deciding how much weight to give his testimony. It is for you to decide how much consideration, if any, to give to the convictions when you are evaluating his credibility and assessing how much of his testimony to accept.

**AUTHORITY:** United States v. Corcione, 593 F.2d 111 (2d Cir. 1979). ¶ 76.01, Instruction 76-6; Rule 609(a), Federal Rules of Evidence; Jury Instruction in King v. Crose, et al., No. 3:93CV1273 (AHN).

## STATEMENT OF THE CASE:

5.   In this case, the plaintiff alleges that each of the four defendants were aware of his stomach pain during the period November 3, 2000 through November 5, 2000 and failed to help him despite his requests for help. He claims that each defendant thereby violated his Eighth Amendment right to be free from cruel and unusual punishment.

## BURDEN OF PROOF:

6.   In a civil action, each party who makes a claim has the burden of proving every essential element of his/her claim by a "preponderance of the evidence."

There will be repeated references in this charge to the obligation to prove a claim or a fact. Though not repeated, you will understand that each reference to the burden of proof incorporates the requirement that the burden of proof must be met by a preponderance of the evidence.

A preponderance of the evidence as to a fact means such evidence as, when considered and compared with all the evidence which bears on that fact, is more convincing and produces in your minds a belief that the fact is more likely true than not true.

In other words, to establish a claim or fact by a "preponderance of the evidence" merely means to prove that the claim or fact is more likely to be true than not to be true.

If a party fails to establish any essential element of his or her claim or defense by a preponderance of the evidence, the jury should find that claim or defense not to have been proved.

**AUTHORITY:** Jury Instruction in <u>Smith v. Dingwell</u>, No. 3:96CV00840 (PCD).

**THE STATUTE:**

7.   The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**AUTHORITY:** Modern Federal Jury Instructions ¶ 87.03, Instruction 86-65.

3

## ELEMENTS OF A SECTION 1983 CLAIM:

8.  In order to prove each of his claims under Section 1983, the plaintiff must establish, by a preponderance of the evidence, the following three elements:

First, that the defendants acted under color of the authority of the State of Connecticut. Second, that the defendants deprived the plaintiff of his constitutional rights; and third, that the acts of the defendants were the proximate or legal cause of the plaintiff's injuries as alleged in the complaint.

The plaintiff may not recover unless he establishes, by a preponderance of the evidence, each of these elements.

**AUTHORITY:** Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-68; Court's Instructions to the Jury in King v. Crose, et al., No. 3:93CV-1273 (AHN); Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981).

## FIRST ELEMENT – ACTION UNDER COLOR OF STATE LAW:

9.  The defendants all acknowledge that they were employed by the Connecticut Department of Correction during the period covered by the Complaint.

I therefore instruct you, as a matter of law, that the defendants were acting under color of state law during the time that they were working for the Department of Correction.

**AUTHORITY:** Modern Federal Jury Instructions ¶ 87.03, Instructions 87-70.

## SECOND ELEMENT – DEPRIVATION OF FEDERAL RIGHT:

10. Keeping these general requirements of a Section 1983 civil rights claim in mind, I shall now instruct you concerning the specific constitutional right of which the plaintiff claims he

was deprived. The plaintiff in this case claims that he was denied medical care by the defendants and therefore was deprived of his constitutional rights.

The record presented in this case shows that the plaintiff was a sentenced inmate during the period of time covered by this complaint. To evaluate whether a sentenced inmate has suffered an unconstitutional denial of medical care, we are governed by the requirements of the Eighth Amendment to the United States Constitution. The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on those convicted of crimes which includes punishments that involve the unnecessary and wanton infliction of pain.

To prevail on his claim of an unconstitutional denial of medical care, the plaintiff must prove by a preponderance of the evidence that he had a serious medical need and that one or more of the defendants were deliberately indifferent to his serious medical need. A serious medical need is one that contemplates a condition of urgency, a condition that may produce death, degeneration or extreme pain.

To establish deliberate indifference, the plaintiff must show that the defendants had a culpable state of mind, that is to say, he must show that the defendants knew that the plaintiff had a serious medical need and that they recklessly disregarded that need by consciously failing to provide necessary medical care. While the plaintiff need not prove that the defendants acted, or failed to act, for the very purpose of causing him harm, it is insufficient to simply show that the defendants failed to alleviate a serious medical condition which they should have perceived but did not perceive.

Mere negligence in giving or failing to give medical treatment cannot form the basis for liability under the Eighth Amendment. Similarly, a disagreement between an inmate and prison

medical staff over what constitutes appropriate medical care does not state a claim under the Eighth Amendment. An inmate does not have any constitutional right to the treatment of his choice. A treating physician or nurse is liable under the Eighth Amendment only if his or her conduct is repugnant to the conscience of mankind. The conduct complained of must shock the conscience or constitute a barbarous act.

With respect to the plaintiff's claims as they may relate to Officers Galinski and Lindsay, you must keep in mind that it is appropriate for nonmedical personnel in prisons to defer to the medical opinions of the prison doctors and nurses regarding the severity of an inmate's medical condition and the proper course of treatment. The Eighth Amendment does not require nonmedical prison staff to second guess the opinion of medical personnel as to what treatment is necessary and proper.

**AUTHORITY:** Court's Instruction to the Jury in King v. Crose, et al., No. 3:93CV-1273 (AHN); Farmer v. Brennan, ___ U.S. ___, 114 S.Ct. 1970 (1994); Wilson v. Seiter, ___ U.S. ___, 111 S.Ct. 2321 (1991); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976); Hathaway v. Coughlin, 37 F.3d 63 (2d Cir. 1994); Dean v. Coughlin, 804 F.2d 207 (2d Cir. 1986); Corby v. Conboy, 457 F.2d 251 (2d Cir. 1972); Malsh v. Austin, 901 F. Supp. 757, 762 (S.D.N.Y. 1995); Ross v. Kelly, 784 F. Supp. 35, 44 (W.D.N.Y. 1992 ), aff'd 970 F. 2d 896 (2d Cir. 1992); McCloud v. Delaney, 677 F. Supp. 203, 232 (S.D.N.Y. 1998); Tomarkin v. Ward, 534 F. Supp. 1224 (S.D.N.Y. 1982).

## STATE OF MIND – NEGLIGENCE:

11. An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against

6

unreasonable risks, and he breached that duty of obligation. Again, you may not find for the plaintiff against the defendants if you find that the defendants' actions were merely negligent.

**AUTHORITY:** Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-78.

### THIRD ELEMENT – PROXIMATE CAUSE:

12. The third element which plaintiff must prove is that each defendant's acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of each defendant's act or omissions. If an injury was a direct result or a reasonably probable consequence of each defendant's acts or omissions, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants. If you find that any defendant has proved, by a preponderance of the evidence, that the plaintiff is complaining about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or

7

the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's acts or omissions and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

If you find that the plaintiff suffered some injury but that his injury was the result of his own behavior or his failure to follow prescribed medical care, then the defendants would not be liable for his injury.

**AUTHORITY**: Modern Federal Jury Instructions, ¶ 87.08, Instruction, 87-79; Graham v. Western Line Consolidated School District, 439 U.S. 410, 99 S.Ct. 693 (1979); Mt. Health City School District Board of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977).

**QUALIFIED IMMUNITY:**

13.     If you find that the defendants did not deprive the plaintiff of his constitutional rights, then you need not consider any of the defendants' special defenses. However, in the event that you should find that any of the defendants did deprive the plaintiff of his constitutional rights, the defendants still may not be liable to the plaintiff. This is so because in § 1983 action, an individual defendant, sued in his individual capacity, may be entitled to what is called qualified immunity. The defendants in this action are sued in their individual capacities.

Each defendant will be entitled to a qualified immunity if, at the time he deprived the plaintiff of his constitutional rights as described above, he neither knew nor should have known that his actions were contrary to federal law. The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity. Nor is the fact that a

defendant was unaware of the federal law. A defendant is entitled to qualified immunity if he or she did not know what he or she did was in violation of federal law and if a competent public official could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have known about the legality of defendant's conduct, you may consider the nature of the defendant's official duties, the character of his official position, the information which was known to the defendant or not known to him, and the events which confronted him. You must ask yourself what a reasonable official in each defendant's situation would have believed about the legality of defendant's conduct. You should not, however, consider what the defendant's subjective intent was, even if you believe it was to harm the plaintiff. You may also use your common sense. If you find that a reasonable official in each defendant's situation would believe his conduct to be lawful, then this element will be satisfied.

Each defendant has the burden of proving that he or she neither knew nor should have known that his or her actions violated federal law. If a defendant convinces you by a preponderance of the evidence that he or she neither knew nor should have known that his actions violated federal law, then you must return a verdict for the defendant, even though you may have previously found that the defendant in fact violated the plaintiff's rights under color of state law.

**AUTHORITY:** Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Anderson v. Creighton, 483 U.S. 635, 107 S.Ct.

9

3034 (1987); <u>Malley v. Briggs</u>, 475 U.S. 335, 106 S.Ct. 1092 (1986); <u>Whitley v. Albers</u>, 475 U.S. 312, 106 S.Ct. 1075, 1085 (1986).

**CONSIDER DAMAGES ONLY IF NECESSARY:**

14.     If the plaintiff has proven by a preponderance of the credible evidence that one or more of the defendants are liable on any of the plaintiff's claims, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery. You should not consider the question of damages at all, unless you have first determined that one or more of the defendants did violate the plaintiff's constitutional rights and that those defendants are not entitled to qualified immunity.

**AUTHORITY:** <u>Eulo v. Deval Aerodynamics, Inc.</u>, 47 F.R.D. 35 (E.D.Pa. 1969), <u>modified on other grounds</u>, 430 F.2d 325 (3d Cir. 1970, <u>cert. denied</u>, 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971); <u>Kreiger v. Bausch</u>, 377 F.2d 398 (10th Cir. 1967).

**TWO KINDS OF DAMAGES:**

15.     There are two kinds of damages that you may consider. The first is compensatory damages. Compensatory damages represent a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You shall award actual, or compensatory, damages only for those injuries which you find plaintiff has proven by a preponderance of the evidence to have been the direct

result of conduct by a defendant. That is, you may not simply award actual damages for any injury suffered by plaintiff. Compensatory, or actual, damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. You may award compensatory damages only for those injuries which were proximately caused by the unconstitutional conduct of one or more of the defendants.

Plaintiff claims to have sustained personal injury. Plaintiff may recover for any bodily injury sustained and any resulting pain and suffering, if and to the extent that such were proximately caused by defendant. There is no exact standard for fixing the compensation to be awarded on account of such elements of damages. Any such award should be fair and just in light of the evidence.

The law does not recognize an inherent or abstract monetary value of a constitutional right; therefore, no compensatory damages may be awarded for a violation of a constitutional right absent proof of actual injury or loss. If you do find that a defendant violated plaintiff's constitutional rights, but you do not find that the plaintiff suffered actual injury or loss by virtue of his constitutional rights having been violated, then you may only award nominal damages of no more than one dollar for each violation of plaintiff's constitutional rights.

**AUTHORITY:** Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert. denied, 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.S. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979).

16. The second type of damages is called punitive damages. If you decide to award compensatory or nominal damages to the plaintiff, you may then consider whether or not to award him punitive damages. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct and to serve as an example or warning to others not to engage in wrongful conduct.

If you find that the acts of a defendant were done maliciously, wantonly, or in reckless or callous disregard or indifference to the federally protected rights of the plaintiff, then you may award punitive damages as you find proper.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are only allowed if you have first found that plaintiff is entitled to compensatory damages, even if such damages are nominal. You must also bear in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason. They must never be awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.

**AUTHORITY:** Memphis Community School District v. Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Vasbinder v. Ambach, 926 F.2d 1333 (2d Cir. 1991).

**ADDITIONAL REQUESTS**:

The defendants respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference. This request is made in that the defendants cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing, will be necessary to enable the jury to reach their verdict.

DEFENDANTS,
Registered Nurse Colleen, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Richard T. Couture
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05480
E-Mail: richard.couture@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed this 5th day of January, 2004, to:

Norman A. Pattis, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

_____
Richard T. Couture